WR-62,099-05
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/22/2015 7:18:35 AM
Accepted 4/22/2015 8:33:18 AM
ABEL ACOSTA
CLERK

**IN THE 156TH JUDICIAL DISTRICT COURT OF
BEE COUNTY, TEXAS**

**and**

RECEIVED
COURT OF CRIMINAL APPEALS
4/22/2015
ABEL ACOSTA, CLERK

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS
IN AUSTIN, TEXAS**

| | |
|---|---|
| **Ex parte Robert Lynn Pruett,** <br><br> **Applicant** | **Cause No. WR-62,099-05** |

## APPLICANT'S REPLY TO STATE'S RESPONSE

**I.      The 2009 NAS Report does not "specifically exclude[] talking about physical evidence matching through fiber analysis, such as done in this case."  State's Response at 7-8.**

The statement on page 162 of the 2009 NAS Report cited by the State in its response in no way indicates that the testimony offered by the State at Pruett's trial at issue in this proceeding was excluded from the report.  There was no need for the authors of the report to discuss fiber analysis matching specifically, on that page, because that type of analysis is "analogous to the matching of shoe and tire prints" which is discussed on a previous page.  Nat'l Research Council Comm. on Identifying Needs of Forensic Sci. Cmty., Strengthening Forensic Science in the United States:  A Path Forward 162 (Nat'l Academies Press 2009) [hereinafter 2009 NAS Report].  Specifically, the discussion of this type of evidence begins on

1

page 145 of the report. Included in the list of impression evidence (of which shoeprint and tire tracks are examples) are bite marks and markings on bullets. 2009 NAS Report at 145.

The problems noted in the summary quoted in Pruett's application are found to be present in this type of evidence – i.e., there is a lack of established protocols. 2009 NAS Report at 149 ("[T]here is no consensus regarding the number of individual characteristics needed to make a positive identification, and the committee is not aware of any data about the variability of class or individual characteristics or about the validity or reliability of the method. Without such population studies, it is impossible to assess the number of characteristics that must match in order to have any particular degree of confidence about the source of the impression.").

**II. This Court has not considered an application from Pruett since his initial application – which was filed five years before the factual basis for Pruett's instant claim came into existence.**

Pruett's initial habeas application was filed on February 10, 2004 – five years before the NAS Report. That application was the last habeas application filed by Pruett that this Court considered.

In enacting both article 11.071 and article 11.073, the Legislature differentiated between applications that are merely filed and those that are considered. Pruett filed a subsequent habeas application in July 2014. However,

2

for that application to have been considered, the Court would have had to have found it satisfied Article 11.071, section 5. Tex. Code Crim. Proc. art. 11.071, § 5. The Court, on December 10, 2014, held that the application filed in July did not satisfy section 5, and according to the Court, it did not consider the application. Order, *Ex parte Pruett*, No. WR-62.099-02 (Tex. Crim. App. Dec. 10, 2014).

Because the factual basis for the claim did not exist when the last application of Pruett's considered by the Court was filed (i.e., his initial application filed in 2004), there is no bar to the Court's considering the merits of the claim raised in Pruett's application.

Respectfully submitted,

/s/ David R. Dow

_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, TX 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

*Counsel for Robert Pruett*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April 2015, I served a true and correct copy of this Application upon Melinda Fletcher, counsel for the State, via an email to mfletcher@sputexas.org.


/s/ David R. Dow

_____

David R. Dow